Lauren ANDERSEN, Plaintiff–
Appellant,

v.

NORTH SHORE LONG ISLAND JEW-
ISH HEALTH SYSTEM'S ZUCKER
HILLSIDE HOSPITAL, Joseph M.
Schulman, Dr. Alan J. Mendelowitz,
Dr. Paul Pankal, Dr. Lyudmila Karlin,
Dr. Harsimran Brar, Dr. Lauren Han-
na, Nurse Catherine Ames, Nurse Soo-
samma Kompancaril, Nurse Abraham
Lopez, Psychologist Shveta Mittal,
City of New York, comprising of the
New York Police Department and the
Fire Department of New York's
Emergency Medical Services, and in-
dividual employees, Port Authority of
New York and New Jersey, John Doe
Officer 12–1049 (officer known as
"P.O. Corwin 2524"), T.C. Carbanaro,
Jane Doe 12–1049 (officer known as
"Liantonio"), Lt. Michelle Serrano,
Unitedhealthcare Community Plan,
and John and Jane Does, # 1–10, De-
fendants–Appellees,

De Lesley Lia, personally and in her
official capacity as Director, Mental
Hygiene Legal Services, Brian Well-
ington, Attorney, Mental Hygiene Le-
gal Services, Second Judicial Depart-

ment, Andrew Cuomo, in his official
capacity as Governor of the State of
New York, Bill de blasio, in his offi-
cial capacity as Mayor of the City of
New York, NYPD Det. Michael T.
O'Brien, NYPD Lt. Antoinette Petruz-
zello, John Doe 12–1049 (FDNY–EMS
technician known as "Frank 50"), De-
fendants.*

No. 15–1318–cv.

United States Court of Appeals,
Second Circuit.

Jan. 22, 2016.

Kevin T. Mulhearn, Orangeburg, NY,
for Plaintiff–Appellant.

Jonathan B. Bruno, Kaufman Borgeest
& Ryan LLP, New York, NY, for Defen-
dants–Appellees North Shore Long Island
Jewish Health System's Zucker Hillside
Hospital, Joseph M. Schulman, Dr. Alan J.
Mendelowitz, Dr. Paul Pankal, Dr. Lyud-
mila Karlin, Dr. Harsimran Brar, Dr. Lau-
ren Hanna, Nurse Catherine Ames, Nurse
Soosamma Kompancaril, Nurse Abraham
Lopez, Psychologist Shveta Mittal, and
John and Jane Does, # 1–10.

Amanda Sue Nichols, for Zachary W.
Carter, Corporation City of New York:
Counsel, New York City Law Department,
New York, NY,** for Defendant–Appellee
City of New York.

---

* The Clerk of the Court is directed to amend
the caption to conform to the above.

** Counsel advised the Court by letter that the
City of New York did not intend to file a brief

in this appeal because the plaintiff waived the
right to appeal her claims against the City.

James M. Begley, Port Authority of New York and New Jersey, New York, NY,*** for Defendants–Appellees Port Authority of New York and New Jersey, John Doe officer 12–1049 (officer known as "P.O. Corwin 2524") T.C. Carbanaro, Jane Doe officer 12–049 (officer known as "Liantonio"), Lt. Michelle Serrano.

John T. Seybert, Sedgwick LLP, New York, NY,† for Defendant–Appellee UnitedHealthcare Community Plan.

Present: ROBERT A. KATZMANN, Chief Judge, DENNIS JACOBS, and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

In 2011, plaintiff Lauren Andersen was involuntarily committed to North Shore Long Island Jewish Health System's Zucker Hillside Hospital (the "Hospital") following an incident at JFK Airport. The Hospital kept her for psychiatric treatment for 18 days. After she was released, Andersen sued the Hospital and various individuals involved in her confinement, alleging violation of her rights under 42 U.S.C. § 1983 and discrimination under the Americans with Disabilities Act of 1990 ("ADA") and the Rehabilitation Act, along with a number of state law claims. The district court dismissed all of her federal law claims and declined to exercise jurisdiction over her state law claims. It found that because the Hospital is a private institution and the doctors and nurses involved in her care are private actors, Andersen could not pursue a claim of unlawful *state* action under § 1983. The court also determined that Andersen had not plausibly

alleged that her treatment had been motivated by bias, as required to find discrimination under the ADA or the Rehabilitation Act.

After reviewing Andersen's complaint *de novo*, we conclude that the district court correctly held that Andersen may not pursue a claim under § 1983. As this Court recently held in a case with nearly identical facts, "the forcible medication and hospitalization of [a plaintiff] by private health care providers can[not] fairly be attributed to the state" for purposes of § 1983. *McGugan v. Aldana–Bernier*, 752 F.3d 224, 229 (2d Cir.2014), *cert. denied*, —— U.S. ——, 135 S.Ct. 1703, 191 L.Ed.2d 680 (2015). Likewise, because Andersen "has not plausibly alleged that Defendants forcibly medicated and hospitalized her on the basis of considerations that were 'unrelated to' or 'improper to consideration of' the likelihood that she posed a danger to herself or others," "she has not stated a claim of discrimination under the [ADA or the] Rehabilitation Act." *Id.* at 234. We find no reason to depart from our recent precedent in *McGugan*, and we therefore affirm the district court's dismissal of Andersen's federal claims.

Accordingly, for the foregoing reasons, the judgment of the district court is AF-FIRMED.

---

*** Counsel advised the Court by letter that the Port Authority of New York and New Jersey was never properly served, and therefore did not participate in the district court proceedings. The Port Authority did not participate in this appeal.

† Counsel advised the Court by letter that UnitedHealthcare Community Plan would not participate in this appeal because the plaintiff waived the right to appeal her claims against United.